UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE PEREZ, on behalf of himself, individually,
and on behalf of all others similarly-situated,              **COMPLAINT**

                     Plaintiff,

          -against-                              **Docket No.: 25-cv-63**

TRV MECHANICAL CONTRACTORS LLC              Jury Trial Demanded
d/b/a TRV MECHANICAL HEATING & AIR
CONDITIONING, and VINCENT BADALI,
individually, and JOSE CASTILLO, individually,

                     Defendants.
------------------------------------------------------------------X

JORGE PEREZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against TRV MECHANICAL CONTRACTORS LLC d/b/a TRV MECHANICAL HEATING & AIR CONDITIONING ("TRV"), and VINCENT BADALI, individually, and JOSE CASTILLO, individually (collectively with TRV, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1.     This is a civil action for damages and other redress based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §

142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a heating and air conditioning company based in New Jersey that services the New York and New Jersey areas, its President, and one of its Directors, both of whom serve as its day-to-day overseers - - as a non-managerial laborer from March 2023 until on or about June 25, 2024. As described below, throughout the entirety of his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week, or virtually each week. Yet in exchange for his work, Defendants failed to compensate Plaintiff, who was an hourly employee, at any rate of pay for any hours that Plaintiff worked following his scheduled shifts that exceeded forty in a workweek, and thus not at the statutorily-required overtime rate of pay for those hours. More specifically, in addition to his regularly-scheduled forty-hour per week shifts, Defendants required Plaintiff, at the conclusion of each work day, to not leave his assigned worksite and instead wait in line for approximately one-half of an hour to sign out for the day, which Defendants had a policy and practice of being a prerequisite to being paid for his time. Defendants did not pay Plaintiff at any rate of pay for this post-shift work.

3. Moreover, Defendants further violated the NYLL by failing to furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, as NYLL §§ 195(3) and (1) respectively require.

4.  Defendants have paid and treated all of their non-managerial laborers in the same manner.

5.  Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.  Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable statutory period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.  At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant TRV was and is a foreign limited liability company authorized to conduct business in the state of New York that maintains its principal place of business at 217 Market Street, Kenilworth, New Jersey 07033, and is registered with the New York State Department of State to receive service c/o "The LLC," at that same address.

11. At all relevant times herein, Defendant Badali was and is TRV's President and day-to-day overseer, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operation of TRV, and who was and is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, hiring and firing employees, determining the rate and method of wages paid to all employees, setting employees' work scheduled, and is responsible for maintaining employment records, including those matters with respect to Plaintiff.

12. At all relevant times herein, Defendant Castillo is one of TRV's Directors, who in that role personally oversaw and oversees employees' work, and who had and has the power to recommend the hiring and firing of employees, set employees' work schedules, and direct employees' tasks on a daily basis, including with respect to Plaintiff.

13. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, TRV's qualifying annual business, exceeded and exceeds $500,000.00.  Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA as they employ two or more employees who perform work across state lines, and they operate a business that purchases numerous tools and supplies that have moved across state lines, such as drills, grinders, saws, helmets, and ladders, in order to carry out their business, and they perform work on HVAC systems across state lines.  The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants as non-managerial laborers, or in a similar position, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times, Defendants are and have been aware of the requirements to pay their non-managerial laborer employees, including Plaintiff and all FLSA Plaintiffs, at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so. Indeed, Plaintiff lodged numerous complaints, specifically to Defendant Castillo, that Defendants did not pay him for his overtime hours worked following his scheduled shifts each week in accordance with the law, but Defendants continued not to pay him for those hours.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial laborer employees, who during the applicable NYLL limitations period, performed any work for any of the Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

21. During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

22. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information NYLL § 195(3) requires; (5) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (6) whether Defendants have furnished or furnish the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial laborers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet

Defendants have routinely failed and fail to pay them for the work performed after the end of each of their scheduled shifts at any rate of pay, and thus not at the rate of time and one-half their respective regular rates of pay, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, and to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

24. Plaintiff as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, and did not furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, which is substantially-similar to how Defendants have paid and treated all Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them. Thus, Plaintiff would properly and adequately

represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any non-managerial laborer employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

29. Defendants are a heating and air conditioning company with an office located at 217 Market Street, Kenilworth, New Jersey, that services both the New York and New Jersey areas, together with its President and one of its Directors. Together, Defendants operate to perform the installation and/or removal of various HVAC systems and the associated infrastructure in commercial buildings, as well as the upgrades, expansions, and ongoing maintenance and repair on those same systems.

30. At all times herein, Defendant Badali was and is TRV's President and day-to-day overseer, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operation of TRV, and who was and is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, hiring and firing employees,

determining the rate and method of wages paid to all employees, setting employees' work scheduled, and is responsible for maintaining employment records, including those matters with respect to Plaintiff.  Indeed, Badali had the ultimate authority over the decision to hire and fire Plaintiff, set Plaintiff's rate of pay, determine his weekly schedule, and should have maintained his employment records.

31. Defendant Castillo is one of TRV's Directors, who in that role personally oversaw and oversees employees' work, and who had and has the power to recommend the hiring and firing of employees, set employees' work schedules, and direct employees' tasks on a daily basis, including with respect to Plaintiff.  Indeed, Castillo personally hired Plaintiff, set Plaintiff's schedule, supervised Plaintiff's work, and directed Plaintiff to perform tasks at Defendants' work sites.

32. From March 2023 until on or about June 25, 2024, Plaintiff worked for Defendants as a non-managerial laborer at two of Defendants' worksites.  In that role, Plaintiff generally performed construction related tasks on ductwork, including but not limited to taking measurements, moving materials, installing ducts, and sealing ducts.

33. More specifically, from March 2023 until in or around June 2023, Plaintiff performed his work for Defendants at their worksite located at 4720 3rd Avenue, Bronx.  After taking a few weeks off from work, in or around July 2023, through the end of his employment, Plaintiff performed his work for Defendants at their worksite located at 32 Neptune Avenue, Brooklyn.

34. Throughout his employment, regardless of the location at which he was working, Defendants scheduled Plaintiff to work five days per week, Monday through Friday, from 7:00

a.m. until 3:30 p.m., permitting one-half hour per day for a scheduled, uninterrupted break, for a total of forty scheduled hours per week.

35. Throughout his employment, for his scheduled hours, Defendants paid Plaintiff at his regular-rate of pay of $25.00 per hour.

36. However, in addition to his regularly-scheduled hours, Defendants, pursuant to a company-wide policy that applied to all of their non-managerial laborer employees, required Plaintiff to report to a shanty at the end of each work day, where Plaintiff was required to wait for approximately twenty to thirty minutes with all of Defendants' other non-managerial laborers to sign out with the foreman supervising the worksite before being allowed to leave the worksite. Defendants did not compensate Plaintiff at any rate of pay, much less his overtime rate, for the time he was required to remain at the worksite past 3:30 p.m. each day.

37. As a result, Plaintiff routinely worked one hour and forty minutes to two and one-half hours each week for which Defendants failed to pay Plaintiff at any rate, let alone at his statutorily-required overtime rate of $37.50 per hour.

38. By way of example only, during the week of August 7 through August 13, 2023, despite Defendants' scheduling Plaintiff to work from 7:00 a.m. to 3:30 p.m. each day, Defendants actually required Plaintiff to work, and Plaintiff actually did work, the following approximate schedule, with a thirty minute scheduled break during each of his shifts, due to Defendants' policy requiring Plaintiff to spend additional time signing out at the shanty each day:

Monday, August 7, 2023: 7:00 a.m. until 4:00 p.m.;

Tuesday, August 8, 2023: 7:00 a.m. until 4:00 p.m.;

Wednesday, August 9, 2023: 7:00 a.m. until 4:00 p.m.;

Thursday, August 10, 2023: 7:00 a.m. until 4:00 p.m.;

>Friday, August 11, 2023: 7:00 a.m. until 4:00 p.m.;

>Saturday, August 12, 2023: off; and

>Sunday, August 13, 2023: off.

Accordingly, Plaintiff worked a total of forty-two and one-half hours during this week. In exchange for his work that week, Defendants paid Plaintiff at his $25.00 per hour regular rate of pay for his first forty hours of work, for a total of $1,000.00. Thus, Defendants failed to pay Plaintiff for the two and one-half hours that Plaintiff worked in excess of forty during that week at any rate of pay, much less at his applicable overtime rate of $37.50.

39. Defendants paid Plaintiff on a weekly basis, by check.

40. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked, his overtime rate of pay, and his overtime wages owed. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

41. Additionally, Defendants did not provide Plaintiff with a wage notice at any of his time of hire that accurately contained, *inter alia*: Plaintiff's regular and overtime rates of pay; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and contributed to the underpayment of wages as asserted herein

42. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

43. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

49. Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

61. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

62. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notice in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

65. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

66. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

67. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

68. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

      d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

      f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

      j. Awarding pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   January 3, 2024

          Respectfully submitted,

          BORRELLI & ASSOCIATES, P.L.L.C.
          *Attorneys for Plaintiff*
          910 Franklin Avenue, Suite 205
          Garden City, New York 11530
          Tel. (516) 248-5550
          Fax. (516) 248-6027

By: _____
          ANDREW C. WEISS, ESQ. (5560537)
          MICHAEL J. BORRELLI, ESQ. (MB 8533)